UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                       )
SECURITIES AND EXCHANGE COMMISSION,    )
                                       )
        Plaintiff,                     )
                                       )
        v.                             )    C.A. No. 15-191 S
                                       )
PATRICK CHURCHVILLE,                   )
CLEARPATH WEALTH MANAGEMENT, LLC,      )
                                       )
        Defendants,                    )
                                       )
        and                            )
                                       )
CLEARPATH MULTI-STRATEGY FUND I, LP    )
CLEARPATH MULTI-STRATEGY FUND II, LP   )
CLEARPATH MULTI-STRATEGY FUND III, LP  )
HCR VALUE FUND, LP,                    )
                                       )
        Relief Defendants.             )
_____)
```

MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Spire Securities L.L.C. ("Spire") requests that the Court stay two arbitration proceedings currently before the Financial Industry Regulatory Authority ("FINRA"). (Mot. to Enforce Stay and for Injunctive Relief, ECF No. 100.) The FINRA claimants allege that Spire failed to properly supervise Patrick Churchville ("Churchville") and ClearPath Wealth Management, LLC ("ClearPath") causing approximately

1

twenty-two million dollars in damages. (Id. at 2-3.) Several of those FINRA claimants are also victims in a case currently before this Court involving a lawsuit brought by the Securities and Exchange Commission against Churchville and Clearpath. (See C.A. No. 15-191.) According to Spire, the FINRA proceedings are "inextricably linked" to that case and should therefore be stayed under the Court's July 30 Order. (Mot. to Enforce Stay and for Injunctive Relief 1, ECF No. 100 (citing Order on July 30, 2015 ("July 30 Order"), ECF No. 16).)

The Court's July 30 Order "stayed until further Order of this Court" certain arbitration proceedings that would negatively affect the ability of the Court-appointed Receiver to recover funds. (July 30 Order ¶ 32, ECF No. 16.) However, the two FINRA arbitration proceedings at issue do not fall within the ambit of that Order. (See id. ¶¶ 32-34 (listing categories of cases to be stayed).) As noted by the Receiver and the Securities and Exchange Commission in their oppositions to Spire's motion[1], the purpose of the July 30 Order is to facilitate the collection of funds by the Receiver on behalf of the Court and for the benefit of the victims of Churchville and Clearpath. Prohibiting various

---

[1] Receiver's Opp'n. to Application for a Temporary Restraining Order, ECF No. 103; SEC's Opp'n. to Application for a Temporary Restraining Order, ECF No. 104.

2

victims from seeking independent causes of action against Spire would hinder, rather than further, that purpose. Spire's Motion to Enforce Stay and for Injunctive Relief (ECF No. 100) is therefore DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: August 1, 2017