UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PATRICK CHURCHVILLE, )<br>CLEARPATH WEALTH MANAGEMENT, LLC, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>CLEARPATH MULTI-STRATEGY FUND I, L.P., )<br>CLEARPATH MULTI-STRATEGY FUND II, L.P., )<br>CLEARPATH MULTI-STRATEGY FUND III, L.P., )<br>HCR VALUE FUND, L.P., )<br>)<br>Relief Defendants. )<br>) | Case No. 15-CV-00191-S-LDA |

## PROTECTIVE ORDER

By ORDER OF THIS COURT, pursuant to Fed. R. Civ. P. 26(c), Stephen F. Del Sesto, Esq., solely in his capacity as Permanent Receiver of Patrick Churchville, ClearPath Wealth Management, LLC, ClearPath Multi-Strategy Fund I, L.P., ClearPath Multi-Strategy Fund II, L.P., and ClearPath Multi-Strategy Fund III, L.P., and not individually, (the "Receiver") and Defendant Patrick Churchville ("Defendant"), acting *pro se*, shall be subject to the following Protective Order (the "Order") and such Order shall govern the transfer and handling of material and information, which shall consist only of sealed Exhibits A, B, and C to the Receiver's Recommendation and Motion to Allow Recommended Class 3 Claims (the "Material"). [ECF No. 128.]

1. The Material given or exchanged by and among the Receiver and Defendant shall be used solely in connection with: (1) the above captioned action (the "Receivership"); (2) the criminal action, captioned *United States of America v. Patrick Churchville*, CR No. 16-00068-WES (D.R.I.) (the "Criminal Action"); and (3) any appellate proceeding related to this Receivership and/or the Criminal Action. The Material shall be used for no other purpose, including, without limitation, any commercial or business purpose, absent the prior written consent of the Receiver (which shall not be unreasonably withheld) or leave of the Court.

2. For purposes of this Order:

   (a) "Outside Counsel" shall mean outside law firms and/or lawyers or outside financial firms and/or financial professionals that have been retained by Defendant to provide advice in connection with the subject matter of this Receivership and/or the Criminal Action. Outside Counsel includes, without limitation, financial analysts, accountants, attorneys, patent agents, paralegals, assistants, and stenographic, clerical, and support employees and vendors of the respective law firms and/or lawyers or financial firms and/or financial professionals.

3. All Material disclosed by the Receiver to Defendant shall be deemed and treated as confidential, in whole, by Defendant. Because it is understood by Defendant that any and all Material transferred by the Receiver is Confidential, the Receiver shall not be required to specifically identify or designate the Material, or any portion thereof, as "Confidential." Any and all Material, contemporaneously with the transfer by the Receiver to Defendant, shall collectively constitute the "Protected Material.". However, Protected Material does not include any information that (a) is or has become publicly available without the Defendant's breach of any obligation owed to the Receiver; (b) is or has become known to the Defendant from a source other

than the Receiver (other than by the breach of an obligation of confidentiality owed to the Receiver); or (c) has been independently developed by the Defendant without referring to any information that constitutes Protected Material.

4.  Access to the Protected Material and any information obtained from such material shall be restricted to:

(a) Outside Counsel for the Defendant;

(b) Independent experts or consultants formally retained or engaged by the Defendant in connection with the Receivership and/or the Criminal Action (collectively, "Consultants") each of whom have not been regularly employed by or consulted for the Defendant and whose advice and consultation are being or will be used by a party in connection with the prosecution, defense or otherwise of this Receivership and/or the Criminal Action;

(c) the Court, including the United States District Court for the District of Rhode Island, any appellate court with jurisdiction over any appeal regarding this Receivership and/or the Criminal Action (collectively the "Court"), and Court personnel assisting the Court in its adjudicative functions;

(d) stenographic reporters, video operators, and outside photocopying, translation, document management, exhibit preparation and trial consultant services engaged by the Defendant for purposes of the Receivership and/or the Criminal Action; provided that they have access to Protected Material only to the extent necessary to perform their duties;

(e) any person whom the Receiver agrees in writing may be shown such Protected Material; and

      (f)    any person whom the Court orders may be shown such Protected Material.

Protected Material shall not be disclosed to any of the above identified individual(s) and/or entit(ies), unless and until that individual or entity has executed an Undertaking in the form attached hereto as **Exhibit A** and the Defendant first gives the Receiver notice (along with the a current CV of the individual or entity, if applicable) of its intention to disclose such Protected Material to such individual or entity and the Receiver does not object to such disclosure within twenty (20) days of such notice or any such objection made is resolved.

    5.    The Defendant shall maintain the Protected Material in a secure, safe area and shall exercise a standard of care with respect to the storage, custody, use and dissemination of such material as is exercised by a reasonably prudent person in keeping information and materials highly confidential.

    6.    Each Undertaking signed pursuant to this Order shall be retained by the Receiver. Protected Material may be disclosed to such person—and, in the case of a Consultant, to that Consultant's supporting and clerical personnel (e.g., secretaries, stenographers and file clerks) required to carry out functions assigned to them by such Consultant—for the sole purpose of assisting the Defendant in this Receivership and/or the Criminal Action. The Receiver shall keep in his files for a period of six (6) months after the conclusion of the Receivership <u>and</u> the Criminal Action the originals of all signed Undertakings.

    7.    Nothing herein is intended to change the procedure by which any discovery of Consultants proceeds under the Federal Rules of Civil Procedure, including Rule 26(b)(4).

    8.    In the event that the Defendant intends to use the material, or any portion thereof, designated as Protected Material in any court proceeding in connection with the Receivership and/or the Criminal Action, the Defendant shall take all steps reasonably required to protect its

confidentiality during such use. If the Defendant seeks to file any of the documents designated as Protected Material with the Court, such documents and pleadings shall be filed under seal pursuant to LR Gen 102. Documents designated as Protected Material and which are authorized by this Court to be filed under seal, shall be filed in accordance with the Court's rules governing filing of such material.

9. If the Defendant receives a subpoena from a non-party to the Receivership and/or the Criminal Action seeking production or other disclosure of Protected Material, telephonic and written notice shall immediately be given to the Receiver, identifying the Protected Material sought and arranging for transmission of a copy of the subpoena. At least ten (10) business days notice before production or other disclosure shall be given. In no event, absent Court order, shall production or disclosure be made before notice is given. Nothing contained herein shall be construed as requiring the Defendant to seek relief from such subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of Protected Material. In the event that the Receiver elects to seek further protection of its Protected Material, the Defendant shall fully cooperate with the Receiver's efforts to do so.

10. This Order shall not prevent the Receiver or the Defendant from applying to the Court for further or other protective orders or for modifications of this Order or from agreeing to modifications of this Order. Any such agreed to modification shall be in writing, and signed by the Receiver and Defendant.

11. Within sixty (60) days after the final termination of the Receivership and the Criminal Action, including all appeals, all persons subject to this Order shall promptly return all documents containing Protected Material to the Receiver. Each law firm or financial firm representing the Defendant, if any, may keep and not destroy one copy of all court pleadings and

briefs containing Protected Material, one copy of all deposition transcripts containing Protected Material, and copies of documents incorporating or referring to Protected Material which are inextricably intermingled with the work product of the Defendant's counsel. All such documents retained by Outside Counsel shall remain subject to the terms of this Order.

12. If Protected Material is disclosed to any person other than in a manner authorized by this Order, the person responsible for such disclosure shall, upon discovery of the disclosure, immediately inform the Receiver of the improper disclosure and all pertinent facts relating to such disclosure, and shall work in good faith with counsel to retrieve said information, including making every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and unauthorized use or disclosure on the part of the recipient of the material.

13. Nothing herein shall constitute (a) an agreement to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required to be produced under this Order; (b) a waiver of any right to object to any discovery request in this Receivership, the Criminal Action, or any other action; or (c) a waiver of any claim of immunity or privilege with regard to any testimony or material.

14. This Order may be amended by the agreement of the Receiver and the Defendant in the form of a written amendment signed by the Receiver and the Defendant and filed with the Court for approval.

15. The Receiver and the Defendant shall be bound by the terms of this Order pending the Court's entry of this Order, or an alternative thereto which is satisfactory to all parties, and any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

16. This Order shall remain in effect after the final determination of the Receivership and the Criminal Action, unless otherwise ordered by the Court.

SO ORDERED.

Dated: __12/19__, 2018

_____
Honorable William E. Smith
United States District Court Judge

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PATRICK CHURCHVILLE, )<br>CLEARPATH WEALTH MANAGEMENT, LLC, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>CLEARPATH MULTI-STRATEGY FUND I, L.P., )<br>CLEARPATH MULTI-STRATEGY FUND II, L.P., )<br>CLEARPATH MULTI-STRATEGY FUND III, L.P., )<br>HCR VALUE FUND, L.P., )<br>)<br>Relief Defendants. )<br>_____ ) | Case No. 15-CV-00191-S-LDA |

## UNDERTAKING PURSUANT TO PROTECTIVE ORDER
## REGARDING DISCLOSURE OF CONFIDENTIAL MATERIALS

I, _____, having been retained as a(n) _____ of Defendant Patrick Churchville in connection with the above captioned lawsuit and/or the criminal action, captioned *United States of America v. Patrick Churchville*, CR No. 16-00068-WES (D.R.I.), (together, the "Receivership") hereby acknowledge that I am to be provided access to Protected Material supplied by Stephen F. Del Sesto, Esq., in his capacity as Permanent Receiver of Patrick Churchville, ClearPath Wealth Management, LLC, ClearPath Multi-Strategy Fund I, L.P., ClearPath Multi-Strategy Fund II, L.P., and ClearPath Multi-Strategy Fund III, L.P., and not individually, as defined in the Protective Order dated _____ (the "Order").

My address is _____.

My present employer is _____. My present occupation or job description is _____. Attached are a copy of my current resume or curriculum vitae and a full description of all my employment for the previous ten (10) years.

I certify my understanding that the Protected Material is being provided to me pursuant to the terms and restrictions of the aforesaid Order and that I have been given a copy of and have read and understood my obligations under that Order. I hereby agree to be bound by the terms of the Order. I understand that the Protected Material and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Order to receive such information.

I will return on request all Protected Material, copies thereof and notes that I have prepared relating thereto, to the Receiver within sixty (60) days after the final termination of the Receivership, including all appeals.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Order and waive any and all objections to jurisdiction and venue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:_____         _____
                              By: _____