UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-00191-S-LDA |
| PATRICK CHURCHVILLE, CLEARPATH WEALTH MANAGEMENT, LLC | ) |
| Defendants, and | ) |
| CLEARPATH MULTI-STRATEGY FUND I, L.P. CLEARPATH MULTI-STRATEGY FUND II, L.P. CLEARPATH MULTI-STRATEGY FUND III, L.P. HCR VALUE FUND, L.P. | ) |
| Relief Defendants. | ) |

**FINAL JUDGMENT AS TO DEFENDANT PATRICK CHURCHVILLE**

WHEREAS, on May 7, 2015, the plaintiff Securities and Exchange Commission ("Commission") commenced this action by filing a Complaint against Defendant Patrick Churchville and ClearPath Wealth Management, LLC ("ClearPath," collectively "Defendants") and others;

WHEREAS, a summons was issued to Churchville on May 7, 2015 (*see* Dkt. No. 2-5), and a return of service was filed on May 19, 2015 (*see* Dkt. Nos. 3);

WHEREAS, the Commission filed a motion for entry of default against Churchville on December 14, 2017 for failure to answer or otherwise appear (*see* Dkt. No. 114);

WHEREAS, in accordance with Fed. R. Civ. P. 55(a), a Clerk's default was entered against Churchville on December 14, 2017, (*see* Dkt. No. 115);

WHEREAS, the court accepts as true the factual allegations of the Complaint against Churchville, who has defaulted, and finds that:

1. The court has jurisdiction over this action pursuant to Sections 20(d) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77t(d), 77v(a)], Sections 21(d), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§78u(d), 78u(e), 78aa], and Sections 209(d), 209(e) and 214 of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§80b-9(d), 80b-9(e), 80b-14].

2. Defendant Churchville employed the means or instrumentalities of interstate commerce, or the mails to engage in the conduct alleged in the Complaint.

WHEREAS, the Commission has applied, pursuant to Fed. R. Civ. P. 55(b)(2), for the entry of this Final Judgment based on defendant Churchville's failure to answer or otherwise respond to the Commission's Complaint, and the court having considered the prima facie case for relief shown by the Commission's Complaint, the memorandum of law in support of the Commission's motion for default judgment, and the supporting declaration of Trevor Donelan, which showing has not been rebutted by defendant Churchville;

NOW THEREFORE, BASED ON THE FOREGOING:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Churchville is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Churchville's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Churchville or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Churchville is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

       made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant Churchville's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Churchville or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Churchville is permanently restrained and enjoined from violating Section 206(1) and 206(2) of the Investment Advisers Act of 1940 [15 U.S.C. §80b-6(1)] and Rule 206(4)-8 thereunder [17 C.F.R § 275.206(4)-8], while acting as an investment adviser, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any client or prospective client.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant

Churchville's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Churchville is permanently restrained and enjoined from aiding and abetting any violation of Rules 206(4)-2 and 206(4)-7 promulgated under the Investment Advisers Act of 1940 [17 C.F.R § 275.206(4)-2 & -7] by knowingly or recklessly providing substantial assistance to an investment adviser to violate the custody provisions of Rule 206(4)-2 and the compliance procedures and practices provisions of Rule 206(4)-7.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Churchville is permanently restrained and enjoined from participating in the issuance, purchase, offer, or sale of any security, provided, however, that such injunction shall not prevent him from purchasing or selling securities listed on a national securities exchange for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Churchville's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $29,103,738, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,577,810, for a total of $33,681,548. Funds distributed by the Receiver appointed by the Court (prior to or after the date of this Order) or paid as criminal restitution related to *United States v. Churchville*, 16-cr-00068-S-LDA are deemed to offset the disgorgement amount.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Churchville shall pay a civil penalty in the amount of $225,000 to the Securities and Exchange Commission pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)] and Section 209(e) of the Advisers Act [15 U.S.C. §80b-9(e)]. Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment of disgorgement, interest, and civil penalty electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>   Enterprise Services Center
>   Accounts Receivable Branch
>   6500 South MacArthur Boulevard
>   Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Patrick Churchville as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Churchville shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Churchville relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.  Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any amounts paid by Defendant Churchville in this case shall be applied first to the amount due in disgorgement, pre-judgment interest, and post-judgment interest. Once disgorgement and pre-judgment are satisfied, amounts paid by Churchville will be applied to the penalty amount due.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:   6/1/2022

_____
UNITED STATES DISTRICT JUDGE